IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAUL EIDDIE LOPEZ,<br>TDCJ No. #1145545, | §<br>§ | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3: 26-cv-01390-K-(BT) |
| | § | |
| COMPUTERSHARE,et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Texas inmate Paul Eiddie Lopez filed a complaint seeking damages arising from allegations concerning stock ownership and valuation. *See* Compl. at 3-4. But Lopez fails to plead facts plausibly showing that any defendant violated a federally protected right, or that there is an underlying claim that establishes subject matter jurisdiction. Thus, the Court should dismiss this case without prejudice for lack of subject matter jurisdiction.

**Legal Standards and Analysis**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017). And federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter

jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D.

Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a

party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Lopez fails to establish diversity jurisdiction. He identifies himself as a citizen of Texas. *See* Compl. at 3. But Defendant Adams Golf Company is listed at a Plano, Texas address, and Defendant Collier Bryan is named in his capacity as Executive Director of the TDCJ Correctional Institutions Division at a Beaumont, Texas address. *See* Compl. at 2. Because at least one named defendant is a Texas citizen, and Lopez is also a Texas citizen, complete diversity is lacking on the face of the complaint

Lopez also fails to establish federal question jurisdiction. Although he checks the federal-question box on the form complaint, he identifies no constitutional provision, federal statute, or treaty that any defendant is alleged to have violated. *See* Compl. at 3. The statement of claim consists of disjointed allegations concerning stock valuations, Computershare, ICE, and TDCJ officials, without connecting any defendant's conduct to a deprivation of any federally protected right. *See* Compl. at 4. Such conclusory and incoherent allegations do not establish

federal question jurisdiction. The claim as pleaded has no plausible foundation, *Carmichael*, 835 F.2d at 114, and it is precisely the kind of complaint resting on bizarre and fanciful allegations that presents no federal question suitable for decision, *Isom*, 2021 WL 2232052, at *1-2.

In sum, this Court lacks subject matter jurisdiction over Lopez's complaint, and it should be dismissed without prejudice.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Lopez show a lack of subject matter jurisdiction that does not appear to be curable by amendment. But the 14-day statutory objection period (explained below) will allow Lopez the chance to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

## Recommendation

The Court should dismiss Paul Eiddie Lopez's complaint without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on July 20, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).